

**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney
*District of Columbia*

---

*Judiciary Center*
*555 Fourth St N W*
*Washington, D C 20001*

April 4, 2008

**FILED**

MAY 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA FACSIMILE**
Carlos Vanegas, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

Re:   <u>United States v. Patricia Gonzalez</u>   08-100 (RJL)

Dear Mr. Vanegas:

This letter sets forth the full and complete plea offer to your client, Patricia Gonzalez, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on <u>Monday, April 14, 2008 at 5:30 p.m.</u> If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**: Your client agrees to plead guilty to a one count Criminal Information, in violation of 18 U.S.C. Section 201(b)(2)(A) and (C) (Bribery). Your client understands that pursuant to 18-201(b), this crime carries a maximum sentence of 15 years of imprisonment, a fine of $250,000 (pursuant to 18 U.S.C. § 3571(d)) or three times the monetary equivalent of the thing of value given to the public official, a $100 special assessment, and a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for any conduct relating to her production of fraudulent District of Columbia driver's licenses, learner's permits or identification cards.

**Factual Stipulations**: Your client agrees that the attached Information fairly and accurately

describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign a Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**: Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

    A.    **Offense Level under the Guidelines**

§2C1.1

|   |   |
|---|---|
| (a)(1) Base Offense Level | 14 |
| (b) Specific Offense Characteristics |   |
|    (1) More than 1 bribe | 2 |
|    (2) Value of the payment more than $10,000, pursuant to §2B1.1(b)(1)(C) | 4 |
|    (4) Facilitator obtaining government identification document | 4 |
| **TOTAL OFFENSE LEVEL** | **24** |

**Acceptance of Responsibility: 3-point reduction:** Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable **Guidelines Offense Level is 21.**

    B.    **Criminal History Category** : Based upon the information now available to this Office (including representations by the defense), your client's **Criminal History Category is I.**

    C.    **Applicable Guideline Range**: Based upon the calculations set forth above, your client's **stipulated Sentencing Guidelines range is 37 to 46 months** (the "Stipulated Guidelines Range"). The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither

party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**: The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

**Court Not Bound by the Plea Agreement**: It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Court Not Bound by the Non-Mandatory Sentencing Guidelines**: It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**Appeal Waiver**: It is agreed (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

**Cooperation:** Ms. Gonzalez agrees to cooperate completely, candidly, and truthfully in the investigation by this Office, the Federal Bureau of Investigation and the District of Columbia Office of Inspector General. Specifically, she agrees: (a) to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation; (b) to answer completely, truthfully, and candidly all questions put to her by attorneys

3

and law enforcement officials during the course of this investigation; (c) to make herself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice; (d) not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity; (e) not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity; (f) to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and (g) to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

In exchange for her guilty plea and cooperation agreement, the government agrees to: (a) bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation; (b) inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation; and if the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines in order to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e) is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines. In any event, your client specifically agrees not to seek a downward departure, without a government motion, based on any assistance provided in the investigations or prosecutions of any another persons who have committed a federal, state, local, or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this agreement.

**Release/Detention**: Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your

client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

**Breach of Agreement**: Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**: It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-

barred on the date that this Agreement is signed.

**Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor/SM*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
ELLEN CHUBIN EPSTEIN
SUSAN B. MENZER
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 4-24-08

_____
Patricia Gonzalez
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 4/24/08

_____
Carlos Vanegas, Esquire
Attorney for the Defendant