UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) ) ) | Crim. No. 08-100(RJL) |
| v. |  |  |
| PATRICIA GONZALEZ |  |  |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Patricia Gonzalez, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing.

**Procedural History**

Ms. Gonzalez is before the Court awaiting sentencing after she entered a guilty plea on May 19, 2008. Ms. Gonzalez pled guilty to a one count criminal information that charged her with Receipt of a Bribe by a Public Official in violation of 18 U.S.C. § 201(b)(2)(A) and ( C). Pursuant to the conviction Ms. Gonzalez faces a maximum sentence of fifteen years of incarceration, followed by a term of supervised release of not more than three years, a maximum fine of $250,000.00 dollars and a $100.00 dollar special assessment.

In the Pre-Sentence Investigation Report ("PSR"), Probation Officer Lindsey Epson, has calculated a sentencing range of 30-37 months of incarceration pursuant to the advisory United States Sentencing Guidelines. The range is based on a Base Offense level 19 and a Criminal History Category I.[1] Ms. Gonzalez will appear before the Court for her Sentencing Hearing on August 14, 2008.

---

[1] A final Base Offense Level of 13 is dependent on a Government motion for an additional reduction of one point.

## ARGUMENT IN SUPPORT FOR A SENTENCE OF PROBATION

**Personal History and Background**

Ms. Gonzalez is before the Court facing her first criminal conviction. Although she was arrested on two prior occasions those matters were resolved in her favor, with the government either "no papering" the case or entering a "nolle prosequi." The instant offense is anomalous in an otherwise exemplary life of impeccable conduct, verified work history and responsibility to her family. Her appearance in a sentencing hearing will be an errant departure from the principles and values that she has followed throughout her life and which she imparts on her six children.

There is no simple or defensible explanation for Ms. Gonzalez's conduct. While Ms. Gonzalez did receive a considerable amount of money, the majority of it went towards basic necessities in meeting the demands of raising six children. Ms. Gonzalez did not use the bribe money to indulge in material possessions. There is nothing in her residence that points to an extravagant lifestyle or the accumulation of material objects beyond her means. Through out her marriage Ms. Gonzales has been the primary financial provider for her children. Ms. Gonzalez has never been able to rely on her husband for financial support on a account of his erratic employment. As a result the enormous responsibilities that come with raising six children have fallen on Ms. Gonzalez's shoulders.

Although she has brought about a great deal of shame to herself, Ms. Gonzalez has taken major steps in putting her life back together. By no means has the shame diminished her maternal role and standing in the family. Family members and friends acknowledge that Ms. Gonzalez has done something terribly wrong and completely out of character. However, they recognize that Ms. Gonzalez always went out of her way to help any family member in need.

They also know that Ms. Gonzalez did not use the embezzle money in a self-centered and materialistic manner.

Ms. Gonzalez took an important step when she decided to assist the authorities in the investigation of her criminal conduct and the illegal conduct of others

Even before undersigned counsel met with ms. Gonzalez she decided that she wanted to enter a guilty plea.  Her decision was based on the simple fact that she had taken money by violating the trust that she faithfully earned from her employers.  Ms. Gonzalez never thought of challenging the allegation since it would have been misleading and dishonest to do so.  She recognized that it was her dishonesty that resulted in her legal predicament.

Ms. Gonzalez wants to prove to the Court, to her family, and the government that she can contribute to her community and that she can and will live out the remainder of her life in a lawful manner.  Ms. Gonzalez is asking the Court for leniency so that she may continue to work, pay a fine if ordered to do so and to make amends through community service and home confinement.  As a first time criminal offender Mr. Gonzalez wants the opportunity to demonstrate a commitment to responsible and law abiding behavior.  On account of the totality and circumstance of her life and pursuant to the applicable sentencing statutes and case law, Ms. Gonzalez respectfully requests that the Court sentence her to a period of probation of  five years.

A.      **PURSUANT TO <u>UNITED STATES v. BOOKER</u> , 18 U.S.C. § 3553(a), 18 U.S.C. § 3582,  18 U.S.C. § 3562 AND 28 U.S.C. § 991(b)(1)(B) THE COURT HAS AUTHORITY TO  SENTENCE MS. GONZALEZ TO A TERM OF PROBATION**[1]

In <u>United States v. Booker</u>, the Supreme Court held that the mandatory sentencing guidelines were unconstitutional as applied. 125 S. Ct. 738 (2005)  The Court further held that

---

[1]  Undersigned counsel anticipates the Government will file a motion pursuant to 18 U.S.C. § 3553(e ) and will make additional arguments at the sentencing hearing regarding the request for a sentence of probation**.**

judges are required to "take account of the Guidelines <u>together</u> <u>with</u> other sentencing factors," and to "consider" the guidelines along with all the other required factors (emphasis added). The Court is not bound by the guideline range and there is no requirement that a sentence be within the guideline range. The guideline range is just one factor to be considered along with the mandatory statutory factors delineated in 18 U.S.C. § 3553(a).

Those factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants. <u>U.S. v. Clifton Price</u> 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover, Sentencing Courts have a continuing duty to "[w]eigh the purposes of sentencing listed in the Sentencing Reform Act." <u>U.S. v. Jabber</u> 362 F.Supp.2d 365, 369 (D. Mass. 2005).

The primary purpose of the sentencing statute, 18 U.S.C. 3553(a), is for the sentencing court to impose a sufficient sentence, but not one that is greater than necessary. 18 U.S.C. § 3553(a) allows the Court to take into account the particularized factors of Mr. Gonzalez's life and not just the fact of her criminal conduct. This approach is consistent with the goals of 28 U.S.C § 991, the enabling statute of the Sentencing Commission. The enabling statute and the sentencing statue contemplate a flexible and particularized approach to sentencing determinations.

Congress created the Sentencing Commission with the goal of developing a methodology and structure by which Courts could achieve uniformity and fairness in sentencing. However, the enabling statute did not lose sight nor preclude the notion of individualized sentencing. 28 U.S.C. § 991(b)(1)(B) provides Sentencing Courts with discretion to "maint[ain] sufficient

flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices." Application of 18 U.S.C. § 3553(a) along with the flexibility encouraged by 28 U.S.C. § 991(b)(1)(B) strongly suggests that a sentence of probation accomplishes the goals of the two statutes.

**The Nature and Circumstances of the Offense**

Ms. Gonzalez's criminal conduct began after she was recognized by senior supervisors for providing excellent service to the many people who conduct business with the Department of Motor Vehicles. Her fluency in Spanish was another invaluable skill that allowed her to service more people. Regrettably, it was her desire to help mostly Latino immigrants that led her to the criminal conduct that has brought her before the Court. Initially, Ms. Gonzalez manipulated the Motor Vehicles licensing and identification processing system in order to assist immigrants who were unqualified or ineligible to obtain either a license or identification.

As an immigrant herself, Ms. Gonzalez was acutely familiar with the tribulations that immigrants face if they didn't have a valid identification or license. Ms. Gonzalez knew that those two documents can make the difference in surviving in the United States. Clearly, her heartfelt desire to help her recent immigrants did not justify her illegal conduct. There is no question that her conduct compromised the integrity of the Department of Motor Vehicles in licensing qualified drivers and providing identifications to persons who had were legitimate residents of the District of Columbia.

What began as a modest effort to help a few individuals turned into a scheme in which middle people emerged with their own selfish and monetary interests. In a significant break with her character and background, Ms. Gonzalez's started processing many licenses and identifications to unqualified people in exchange for money.

**History and Characteristics of Ms. Gonzalez**

Ms. Gonzalez is a motivated and capable person. Despite a difficult childhood including the separation of her parents and her alienation from her stepfather, Ms. Gonzalez persevered and attended school and received her high school diploma. The probation officer has verified Ms. Gonzalez's employment history. Ms. Gonzalez has the work ethic and experience to obtain gainful employment when she puts this matter behind her. Her current unemployment status is something completely unfamiliar to her because she has always been the responsible provider for all her children.

With the exception of the instant offense, Ms. Gonzalez has led a productive and law abiding life. Ms. Gonzalez's efforts to lead a productive life, extends professionally and personally. Ms. Gonzalez's professional life is characterized by hard work, and the desire to learn with the goal of improving and realizing her professional potential. Although, Ms. Gonzalez brought about her current adversity and predicament, she has the capacity to pick herself up through her own efforts and determination.

**The Sentence should reflect the Seriousness of the Offense**

Ms. Gonzalez recognizes that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. While the sentence must provide deterrence and protect the public, it must also provide Ms. Gonzalez with educational and vocational training and medical care. In balancing all of the purposes of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2)[§ 3553]." See 18 U.S.C. § 3553(a).

A sentence that places Ms. Gonzalez on community supervision and restricts her to home confinement would be more than adequate to meet the sentencing purposes set forth in 18 U.S.C. § 3553(2)(a). The felony conviction on its own will have employment and voting consequences for the rest of her life. Probation will require a sustained commitment to responsible behavior.

Incarceration would result in a sentence that is "greater than necessary." Incarceration will certainly cause Ms. Gonzalez substantial suffering. Beyond her removal from the community Ms. Gonzalez will be forced to separate her children into two groups. This is by far the most painful consequence of her criminal conduct. Ms. Gonzalez has already determined that there is no one person who could care for all six of her children. As a result, the children will be separated. Sadly, this will be a traumatic experience both for Ms. Gonzalez and the siblings who will be separated from each other.

**The sentence should afford adequate deterrence to criminal conduct**

A sentence of probation will more than adequately protect the public and achieve adequate deterrence for the following reasons. First, Ms. Gonzalez is a first time offender who throughout her life has demonstrated sound decision making skills. She will be subjected to a strict supervision regimen which will include reporting to a probation officer, and submitting monthly financial reports and will be required to report any change in her residence, employment and travel outside of the metropolitan area. By no means would this structure of obligations and responsibilities be a mere slap on the wrist. It can be reasonably assumed that recidivism for Ms. Gonzalez is unlikely and the terms and requirements of probation should adequately protect the public.

Ms. Gonzalez has been shamed by her conduct. Knowing that she will be forever branded as a convicted felon has been extremely painful, humiliating and resulted in endless self

deprecation. She knows that she has disappointed her mother and children. The felony conviction will automatically preclude Ms. Gonzalez from being hired for a financial position of trust. It is doubtful that any finance or business oriented company would consider hiring her. All of these factors will weigh heavy in her everyday life.

### The sentence should provide the most effective rehabilitation treatment

A sentence of probation would most effectively result in Ms. Gonzalez's rehabilitation. If placed on probation Ms. Gonzalez can continue the progress she has thus far demonstrated since she was placed under escort supervision. Any period of incarceration will undermine the post offense rehabilitation that has already taken place, it will mean separating her children and will make it more difficult for her to obtain employment after she is released from custody.

As the Pre-Sentence Investigation Report indicates, Ms. Gonzalez has pled guilty to a Class C felony. See PSR¶ 64. 18 U.S.C. §3561 allows for a sentence of probation for a period not to exceed five years.§ 3561(c)(1). 18 U.S.C. §3562 authorizes the Court with the discretion to impose a sentence of probation when appropriate. 18 U.S.C. §3561(a) directs the Court to impose a sentence of probation only after a consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." A sentence of probation is appropriate in the instant case. Ms. Gonzalez's history, the content of her person, the respect that she has shown for the law during the pendency of her case and her commitment to her children support continuing her rehabilitation in the community.

A sentence of probation, which includes community service and home confinement, along with the life long consequences of a felony conviction can be "just punishment" when the Court considers 18 U.S.C.§3582(a). In pertinent part 18 U.S.C. § 3582 (a) states

"The Court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation" (emphasis added)

## CONCLUSION

Ms. Gonzalez is a decent and well meaning woman who made a series of terrible decisions. Those decisions have cost her dearly. Ms. Gonzalez now has a felony conviction on her record which will have consequences for the remainder of her life. Ms. Gonzalez, knows that she cannot undo her mistake. She does know that she will never engage in any activity that will put her livelihood and children in jeopardy. Through this ordeal Ms. Gonzalez's primary concern has been her six children and how they will be supported in the event that she receives a prison sentence. In the context of Ms. Gonzalez's character and background it is safe to assume that it is very unlikely that she will re-engage in any criminal conduct.

Ms. Gonzalez wants the Court to give her one opportunity so that she can demonstrate that she will continue to lead an exemplary life that is characterized by honesty, hard work and responsibility to her community and family. So that Ms. Gonzalez does not lose sight of her transgression, undersigned counsel requests that the Court sentence her to a period of Probation of five years and that she serve her first six months under electronic home monitoring consistent with her work schedule.

For these reasons undersigned requests that the Court sentence Ms. Patricia Gonzalez to a period of probation of five years.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500